UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CORNELIUS SMITH,

    Petitioner,      Case No. 1:20-cv-1144

v.              Honorable Janet T. Neff

SCOTT WRIGGELSWORTH,

    Respondent.
_____/

## **OPINION**

Petitioner Cornelius Smith is awaiting trial on criminal charges in the Ingham Circuit Court. He is presently being held in the Ingham County Jail by Respondent Sheriff Scott Wriggelsworth. Petitioner complains that he is being denied his constitutional right to a speedy trial. He notes that the Ingham County Circuit Court has again recently announced that it is suspending jury trials as part of an attempt to slow the spread of the COVID-19 pandemic.

The inmate information provided by the Ingham County Sheriff's Office indicates that Plaintiff is awaiting trial on a charge of "assault less than murder." *See* http://jail.ingham.org/ViewInmate/76060 (visited December 5, 2020). The records of the Ingham County Circuit Court indicate that Petitioner is awaiting trial in Case No. 20-000327-FH on charges of assault with intent to do great bodily harm less than murder and domestic assault-third offense and he is awaiting trial in Case No. 20-000328-FH on charges of domestic assault-third offense and unlawful imprisonment. *See* https://courts.ingham.org/CourtRecordSearch (search Smith, Cornelius, visited December 5, 2020). Thus, Plaintiff is detained, and he is awaiting trial; but, it is not clear if he is a "pretrial detainee."

As of the date he filed his petition, and continuing until December 18, 2020, Petitioner is also serving sentences for contempt of court. *See* http://jail.ingham.org/ViewInmate/76060 (visited December 5, 2020). The records of the Ingham County Circuit Court indicate that on October 2, 2020, following Petitioner's guilty pleas to charges of contempt of court, the court sentenced Petitioner to 93 days in jail. *See* https://courts.ingham.org/CourtRecordSearch (search Smith, Cornelius, visited December 5, 2020).

Where a pretrial detainee challenges the constitutionality of his pretrial detention, he must pursue relief under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Where a person is in custody pursuant to the judgment of a state court, however, he must pursue relief under 28 U.S.C. § 2254.

Whether the petition is considered under § 2241 or § 2254, promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[1] If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. See Rule 1(b), Rules Governing § 2254 Cases.

2

required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

### I. Factual allegations

Petitioner asks the Court to release him because his right to a speedy trial is being violated. Petitioner identifies other Ingham County Jail inmates whose speedy trial rights are being similarly violated: Jose Archer, Glen Tyler, and Brandon Malone. Petitioner purports to seek relief on their behalf as well. But none of those inmates signed the petition.

Under Rule 2(c)(5) of the Rules Governing § 2254 Cases, the petition must be signed by the petitioner or by a person authorized to sign the petition under 28 U.S.C. § 2242. Section 2242 further provides that a habeas petition must be signed by "the person for whose relief it is intended or by someone acting on his behalf." A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1989).

To act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990); *see also West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The burden is on the next friend "clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163. "A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir.1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir.1978)). The putative next friend must clearly and specifically set forth facts sufficient to satisfy the Art. III standing requirements because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Whitmore*, 459 U.S. at 155-56. Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber*, 570 F.2d at 514 (cited with approval in *Whitmore*, 495 U.S. at 163).

Here, Petitioner has not met his burden. He has not shown why inmate Archer, Tyler, or Malone cannot file the habeas petition on his own behalf, nor has Petitioner shown how he is qualified to serve as their next friend. Accordingly, the petition is properly filed only on Petitioner's behalf. The Court will not consider the petition as filed on behalf of inmates Archer, Tyler, and Malone.

**II.     Exhaustion of State Court Remedies**

A habeas petition under 28 U.S.C. § 2254 requires entry of judgment before relief is available. A motion to vacate sentence under 28 U.S.C. § 2255 similarly requires that a prisoner be "in custody under sentence of a court" before relief is available. Neither of those statutes permits relief to a pretrial detainee. Where a pretrial detainee challenges the constitutionality of

4

his or her pretrial detention, he or she must pursue relief under 28 U.S.C. § 2241. *Atkins*, 644 F.2d at 546 n.1.

A claim for habeas relief under § 2241 is not subject to all of the specific statutory requirements set forth in § 2254. Thus, the § 2254 bar on habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1), does not typically apply to a § 2241 habeas petitioner. The bar would apply, however, if that petitioner is in custody pursuant to the judgment of a state court. Because Petitioner is presently in custody pursuant to the judgment of a state court, the Court concludes that he must satisfy the exhaustion requirements of § 2254.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

5

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner does not suggest that he has presented his speedy trial issue to any level of the state court system; therefore, he has plainly not exhausted his state court remedies.

An applicant has not exhausted ***available*** state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). If Petitioner were challenging the conviction and sentence pursuant to which he is presently incarcerated, he could simply seek leave to appeal in the Michigan Court of Appeals. Instead, he is attacking the order that will hold him in custody once he has completed his contempt sentence in less than two weeks. Michigan Court Rule 6.106(H) provides for modification of pretrial custody orders—indeed, the rule contemplates circumstances that warrant emergency release. Additionally, the rule provides for appeal of the custody decision by motion. Mich. Ct. R. 6.106(H)(1).

To properly exhaust his claim, Petitioner must file a motion in the Ingham County Circuit Court seeking relief from the order that will detain him once he has served his contempt sentence. If his motion is denied by the circuit court, Petitioner must pursue available appeals of that decision.

Even if Petitioner were not serving a contempt sentence right now—if he were only a pretrial detainee—the same result would follow. A pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. A federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *See Atkins,* 644 F.2d at 546 & n.1.

6

The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546-47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990). Petitioner's claims regarding the conditions of his confinement falls within one of those exceptional circumstances: he seeks a speedy trial.

Even in cases where pretrial detainees articulate a claim of the type that may constitute an exceptional circumstance, a habeas petitioner must still properly exhaust available state court remedies before proceeding in federal court. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490-91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

Therefore, even as a pretrial detainee, Petitioner would have to file a motion in the Ingham County Circuit Court seeking relief from the order detaining him. If his motion were denied by the circuit court, Petitioner would have to pursue available appeals of that decision.

Thus, relief under § 2241 would also not be available until after Petitioner had pursued his state court remedies.

### III. Certificate of appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons I conclude that Petitioner has failed to demonstrate that he is entitled to relief under § 2254 or, alternatively, under § 2241 and has failed to make a substantial showing of a denial of a constitutional right, I also conclude that any

8

issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing the petition for lack of exhaustion and an order denying a certificate of appealability.

Dated:   December 9, 2020                             /s/ Janet T. Neff
                                                                                       Janet T. Neff
                                                                                       United States District Judge